RUTLAND COUNTY, FEBRUARY TERM, 1828.

*Elizabeth Cooley* vs. *Allen Penfield.*

In order to maintain ejectment there must be a disseizen, or wrongful possession.

THIS was an action of *ejectment*, brought to recover the seizen and possession of a piece of land lying in *Pittsford*, in said county.

It was tried in the County Court, at April
Term, 1827, on the *general issue*, SKINNER,
Ch. Justice, presiding. The plantiff showed a title in herself to the premises demanded ; and in order to prove the defendant in possession, evidence was given, that in the year 1810, one *Amos Crippin* erected a trip-hammer shop west of a small stream of water, and west of the line of plaintiff's said land, which line was the centre of said stream ; and that by the verbal consent of one Caleb Cooley, the husband of the plaintiff,. and former owner of the premises, the defendant had also built a dam across said stream, about twenty or twenty five feet on the bank of the land in question, east of the said west line, and had raised a pond of water so high as to flow six or eight square rods of said land ; and that the said *Caleb Cooley*, at the time of giving the verbal licence to *Crippin*, said there would be no difficulty between them ; but refused to give any deed of conveyance, saying he might want to put a spinning-wheel there at some future time—That in April, 1824, the plaintiff applied to the defendant, who was in possession of said shop, and in the use of the water of said pond, to remove the dam from the plaintiff's land, and had often afterwards, and before the commencement of the action, requested the defendant to take a lease of the premises, or a suit would be brought ; but that the defendant had refused to remove the dam, or take a lease from the plaintiff—That on the 25th day of March, 1825, the defendant procured a deed of warranty from *Crippin* of the land in question. It did not appear in evidence that the defendant had entered upon the premises, or had done any act, after such notice to remove the dam, except in the use and occupancy of the shop as he had usually done. The court were of opinion that the plaintiff had a right to use and occupy the land east of the centre of the stream, and to remove and pull down the dam, and that the defendant, having never entered on the premises, nor otherwise having done any act after the notice as aforesaid, she was not entitled to recover. A nonsuit was entered under a rule, that the plaintiff might move to set it aside : and the court having refused to set aside the nonsuit upon the motion of the plaintiff, grounded on the facts herein before stated, the plaintiff filed exceptions to the opinion of the court, which were allowed, and the cause ordered to be carried to the Supreme Court for a final decision thereon.

Rutland, Feb. 1828. *The cause now came before the court for a*
Cooley vs. Penfield. *hearing on the motion to have the nonsuit set*
aside, on the ground that the County Court had erred in their
opinion as before mentioned.

*C. Langdon, for the plaintiff.*—The only question presented
for the consideration of the court, is, will an action of ejectment
lie to recover the possession of land on which the defendant, or his
grantor, has erected a dam, and overflowed it with water, and
continues in the use of the dam, and overflowing of the land by
water, against the will of the owner. Wherever a right of entry
exists, and the interest claimed is tangible, so that possession can
be delivered, ejectment will lie.—9 *Johns. Rep.* 298. So for
any corporeal right of which possession may be had.—*Sw. Dig.*
507.—*Adams on Ejectment*, 16, 17, 18 and 19.—It lies by the
owner of the soil for land which is a part of the highway, where-
ever another had built.—1 *Burr.* 133.—It lies for grass growing on
land.—*Cro. Car.* 262.    So for herbage.—*Harden's Rep.* 330.--2
*T. R.* 151.    It lies for mines.—*Doug.* 305.—1 *Salk*, 233.—1
*Burr.* 627.    It lies for a boilery of salt; for standing water.—*Co.*
*Lit. p.* 56.—*Adams on Ejectment, p.* 18.—9 *Johns.* 298 ; but not
for a water course, or running water ; but will lie for land over
which it runs. It lies for a fishery, tithes, &c.—*Arch. Prac.* 503–4.

*Williams, for the defendant*—contended, that the plaintiff, in
order to his recovery, must not only prove his title, but also that
defendant was in possession of the premises demanded, and an
*ouster* of the plantiff. The disseizin, which must be proved, must
be a *forcible entry* on the land, and a *disseizin* of the plaintiff. 7
*East*, 312, *Cook* vs. *Danvers*.—12 *East*, 141, *Hughes* vs.
*Thomas.* The case shows neither an *entry* nor an *occupation* by
defendant of plaintiff's land ; but on the contrary expressly nega-
tives the idea of an *entry* and *ouster.* The dam was erected by
permission of the owner, under whom plaintiff claims there was
no contract that he should remove it when required.    An entry,
for the purpose of removing it, would have made the defendant a
trespasser on the land of the plaintiff.    The occupancy of the
mill on the defendant's land, can in no sense, be a possession
of the plaintiff's premises.    The remedy of the plaintiff, if
any, was to remove the dam, which he had a perfect right to do.

TURNER, J. delivered the opinion of the court. { Rutland, Feb. 1828.
The case admits that the defendant has not en- } *Cooley* vs. *Penfield.*
tered, disseized, or been in possession of the land described in
the plaintiff's declaration.    Now, in order to maintain an eject-
ment, there must be a disseizen or wrongful possession ; and
this wrongful possession must exist at the commencement of
the suit.    The only complaint against the defendant, consists in
his " not removing the dam off from plaintiff's land," after no-
tice.    But, the plaintiff had the right to remove it, or such
part of it as stood upon her own land ; but on what possible
ground, can the plaintiff require the defendant to do it?    And
why is he bound to do it more than any other person ?    Were
it ever pretended that the permission given to erect, or to
use the dam, imposed an obligation on defendant to pull it down, on
request, still ejectment is not the proper remedy for such breach
of contract.    His occupation of his own shop which stands on his
own land, cannot be considered a wrongful possession of the plain-
tiff's land, or any possession at all.

The authorities cited by the plaintiff relate only to the *interests*,
a violation of which lays the foundation for this action ; but they do
not tend to show that the acts and omissions complained of in the
present case subject the defendant to this action.    Therefore,
nonsuit must stand.

*C. Langdon*, for plaintiff.

*C. K. Williams*, for defendant.